E-FILED
Tuesday, 21 April, 2026  02:12:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MITCHELL REAKA,                )
                               )
             Plaintiff,        )
                               )
v.                             )            3:25-cv-03234-MMM
                               )
LATOYA HUGHES, *et al.*        )
                               )
             Defendants.       )

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently in the community, pursues claims based on occurrences while in prison at Graham Correctional Center.

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff suffers from autism and low intelligence. In December 2023 he was placed at Graham Correctional Center. Defendant Correctional Officer Brown regularly

greeted Plaintiff and Plaintiff thought Brown was his friend. In November 2023 another inmate, Myers, befriended Defendant Correctional Officer Brown, and convinced Brown to request that Plaintiff to be placed in a cell with Myers. In December 2023 Plaintiff was placed in a cell with Myers. The placement was improper because Myers was large, strong, and has a history of predatory acts, and Plaintiff was particularly vulnerable.

On December 5, Plaintiff told Brown he needed a cell change because Myers was bullying him, sexually harassing him, and making sexual advances which put Plaintiff in fear for his safety. Brown told Plaintiff that if he had a problem with his cellmate, he would have to refuse housing, incur a disciplinary infraction, and only then would he be moved. Plaintiff did not refuse housing because he did not want to suffer discipline. He was also afraid of angering staff.

Brown did not investigate Plaintiff's stated concerns with Myers. Myers' aggressiveness increased, then he began sexually abusing Plaintiff including multiple acts of nonconsensual sexual penetration by Myers over several days.

Plaintiff includes other broad allegations that are not directly related to his failure to protect claim. He complains of how his complaint regarding the assault was handled. He complains of issues with replacement clothing, general issues with IDOC's broader mental health treatment policies, and non-specific allegations regarding IDOC's cell assignment procedures.

"A prison official is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or

safety[.]'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff's allegations state a claim against Defendant Brown. See *Gevas*, 798 F.3d at 480.

Plaintiff does not state a claim against Director Hughes, Warden Campbell, on Doe Defendants 1-3. He has not alleged their individual involvement in the issues related to failure to protect from Myers. His allegations against these Defendants go more to nonspecific and broad allegations that are too vague to state a plausible claim for relief. Finally, there is no private cause of action for improper investigation by prison officials after an attack such as experienced by Plaintiff occurs.

IT IS THEREFORE ORDERED:

1. Plaintiff has been released to the community. His current financial status is unclear. Clerk is to provide Plaintiff with a full length IFP form so the Court can assess his current financial situation and determine if he is still eligible to proceed without prepayment of fees. Plaintiff to complete and return the same within 30 days. If Plaintiff does not do so this action may be dismissed for failure to follow court orders.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendant Brown. The rest of the Defendants are to be terminated. Other claims shall not be included in the case, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for all Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect service, to include either sending another waiver form, or at the Court's discretion, effecting formal service through the U.S. Marshals Service on Defendants, which will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7. This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. **However, this does not apply to discovery requests and responses.** Discovery requests and responses are not filed with the Clerk. Plaintiff MUST mail discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately inform the Court, in writing, of any change in Plaintiff's mailing address and telephone number. Plaintiff's failure to notify

the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

11. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

Entered this 21st day of April, 2026.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE