E-FILED
Wednesday, 29 July, 2026  03:03:22 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| Mitchell Reaka (Y-59551), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25-cv-03234 |
| ) | |
| v. ) | Honorable Michael M. Mihm |
| ) | |
| Trevor Brown, ) | |
| ) | |
| Defendant. ) | |

**PROPOSED PROTECTIVE ORDER**

The parties to the above-captioned lawsuit possess information related to the subject matter of this action that is confidential and recognize that in the course of discovery proceedings it may be necessary to disclose to parties certain confidential information. The parties also anticipate that third parties may be subject to discovery in this lawsuit, and may be called upon to produce confidential information in their possession. Defendant agrees that this information is properly usable by other parties solely in connection with these proceedings and wishes to ensure that all such information shall be kept confidential and shall not be used for any purpose other than the proceedings in this case. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c) Defendant, Trevor Brown, by his attorney, Kwame Raoul, Illinois Attorney General, respectfully proposes the following protective order ("Protective Order") for the protection of confidential information, documents, and other things produced or given as part of the disclosure, discovery or litigation process.

**IT IS HEREBY ORDERED:**

1. **Scope.** All information, testimony, things, or documents produced or adduced in the course of discovery including, but not limited to, initial disclosures, responses to discovery

requests, responses to subpoenas, deposition testimony, surveillance videos, and exhibits, and information derived directly therefrom (collectively referred to as "Covered Matter") shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, Federal Rules of Civil Procedure, or Central District of Illinois Local Rules; (b) medical or mental health information concerning any individual; (c) personal information of Illinois Department of Corrections employees; (d) information related to Illinois Department of Corrections investigations including, but not limited to, investigation reports, investigation interviews, and surveillance videos; (e) information that could compromise the safety and security of the Illinois Department of Corrections operations including, but not limited to, information between or among IDOC administration officials; and (f) personal information relating to IDOC inmates including, but not limited to, the identity, grievances, discipline, and cell assignments of IDOC inmates other than Plaintiff.

3.    **Designation.**

(a)    A party may designate a material as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.

The marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the materials are produced or disclosed. Applying the marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to materials does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any material marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)     Where material or information is produced in digital form or through optical media (such as thumb drive, CD, or DVD), the medium container and, to the extent reasonably practicable, the medium itself shall be marked or stickered with the appropriate confidentiality notice as described in Paragraph 3(a) above. Where it is not reasonably practicable to mark the medium itself with the appropriate confidentiality notice as described in Paragraph 3(a), the producing party shall mark the medium container and shall send a letter with the production describing the designation for the medium.  To the extent that any party prints any of the information contained on magnetic or optical media that is designated as Confidential Information, such printouts will be marked as described in Paragraph 3(a) above.

(c)     The designation of material as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.[1]

---

[1]An attorney who reviews material and designates it as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the Central District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating

4.    **Depositions.**   Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to the witness or counsel for the witness, and in no event later than 60 days after the testimony was given. Unless contemporaneously designated as confidential during a deposition, within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.    **Protection of Confidential Material.**

(a)    *General Protections.* Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)    *Limited Third-Party Disclosures of information designated "CONFIDENTIAL".* The parties and counsel for the parties shall not disclose or permit the disclosure of any information designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following categories of persons may be allowed to review information designated "CONFIDENTIAL":

    i.    Counsel. Counsel for the parties and employees and law student interns of counsel who have responsibility for the action;

---

materials confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

ii.      Parties. Individual parties, but only to the extent counsel determines in good faith that the parties assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed and so long as such disclosure takes place only in the presence of the parties' legal counsel of record. Under no circumstances shall a party retain a copy of documents containing Confidential Information;

iii.     The Court, its personnel, and any jury seated to hear this case;

iv.     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

v.      Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi.     Consultants and Experts. Consultants, investigators, or experts employed by a party or counsel for a party to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

vii.    Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

viii.   Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix.     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     ***Limited Third Party Disclosures of Information designated***

***"ATTORNEYS' EYES ONLY".*** Counsel for the parties shall not disclose or permit the

disclosure of any information designated as "ATTORNEYS' EYES ONLY" to any person

except as set forth in subparagraphs (i)-(iv). Subject to these requirements, the following categories of persons may be allowed to review information designated as "ATTORNEYS' EYES ONLY":

      i.      Counsel. Counsel of record and employees of counsel engaged in this action, who shall use such information solely for the purposes of this litigation;

      ii.      The Court, its personnel, and any jury seated to hear this case;

      iii.      Witnesses at Depositions, Hearings, or Trial. Witnesses for the taking of deposition, hearing, or trial testimony if the Confidential Information is or was previously accessible to the witness outside the context of this litigation. However, any such document will not be attached as an exhibit to the testimony transcript and the witness will not retain a copy of any such document;

      iv.      Consultants and Experts. Consultants, investigators, or experts employed by a party or counsel for a party to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(d)      Under no circumstances shall the attorney of record receiving materials designated as "ATTORNEYS' EYES ONLY" disclose such materials to his client or allow his client to access such materials.  Such requirement shall not bar an attorney of record from disclosing information to his client from other sources not designated as "ATTORNEYS' EYES ONLY," even if the same information appears in documents designated as "ATTORNEYS' EYES ONLY."

(e)      Under no circumstances shall any Confidential Information be disseminated by any person to any current or former inmate of the Illinois Department of Corrections, except that information marked "CONFIDENTIAL" may be provided to Plaintiff consistent with the terms of this Order, and former inmates that are employees of counsel may also access such information consistent with section 5(b)(1).

(f)        Notwithstanding the other provisions of this Order, the parties may redact information that contains personal or security information including the home addresses, telephone numbers, social security numbers, birth dates, and medical and mental health information concerning any person, including but not limited to, IDOC employees, family members of IDOC employees and inmates, volunteers, and victims, unless the information is relevant to the litigation.

(g)        ***Control of Documents.*** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.        **Inadvertent Failure to Designate.** An inadvertent failure to designate material as Confidential Information does not, standing alone, waive the right to so designate said material; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates material as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the material is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.        **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any Covered Matter under seal. Any party wishing to file a document designated as

Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2.

8.    **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.    **Challenges by a Party to Designation as Confidential Information.** The designation of any material as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)    *Meet and Confer.* A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days from actual receipt of the challenge.

(b)    *Judicial Intervention.* A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the material as Confidential Information under the terms of this Order.

10.     **Action by the Court.** Applications to the Court for an order relating to materials designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention in sufficient time to allow the Court to make such orders as are necessary to govern the use of such documents or information at trial.

12.     **No Admission.** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between and among the parties to this proceeding without involving the Court unnecessarily in the process.  Nothing in this Protective Order shall be deemed to have the effect of an admission or waiver or consent to the admissibility of materials.

13.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information, material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)      The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14.        **Obligations on Conclusion of Litigation.**

(a)      ***Order Continues in Force.*** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)      ***Obligations at Conclusion of Litigation.*** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order, including copies as defined in Paragraph 3(a), shall be destroyed to the extent practicable, and consistent with the State Records Act, 5 ILCS 160/1, et seq.

(c)      ***Retention of Work Product and one set of Filed Documents.*** Notwithstanding the above requirements to return or destroy documents, counsel for a party may

retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     ***Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.*** Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

s/Ronald L Hanna

Dated: 7/29/2026

Ronald L Hanna
U.S. Magistrate Judge